No. 6958.

WM. M. LOVELL VS. JAMES A. PAYNE ET AL.

| | |
|---|---|
| 30 | 511 |
| 48 | 511 |
| 48 | 780 |
| 49 | 74 |
| 30 | 511 |
| 50 | 329 |
| 30 | 511 |
| 109 | 100 |

When a certain fact put at issue by the pleadings is peculiarly within the knowledge of the defendant, such for instance as the consideration of a transfer made by him, the burden of proof is on him to show that fact.

A fixed *price* is as essential to the validity of a giving in payment, as it is to a sale.

A *dation en paiement* made by an insolvent debtor to one of his creditors is fraudulent, and may be set aside.

The return of a writ of *fieri facias* against a party, unsatisfied, is evidence of his insolvency.

Every fraudulent act of a debtor, no matter what its form, may be attacked by any creditor who has been prejudiced by it.

A PPEAL from the Fifth Judicial District Court, parish of East Baton Rouge. *McVea*, J.

*Favrot & Lamon* for plaintiff and appellant.

*J. & G. W. Burgess* and *G. W. Buckner* for defendants.

The opinion of the court was delivered by

EGAN, J. This is a revocatory action to set aside certain alleged fraudulent transfers of property, rights, credits, etc., made by Payne, a judgment debtor of plaintiffs, to Mrs. Grace Timms, one of the defendants. The petition contains the usual and necessary allegations of fraud, insolvency, and injury; alleges the want of any fixed price, or price in money, for the transfers attacked. The answers admit the transfers, deny the fraud and insolvency, aver the existence of a valid and valuable consideration, and of other property belonging to the debtor, more than sufficient to pay plaintiff's debt.

The transfers were of judgments, notes, etc., amounting to many thousands of dollars, and were made subsequent to the institution of suit by plaintiff to a daughter residing in West Virginia through an attorney and agent residing in Louisiana, who admitted the possession of the property transferred, on the trial. The only evidence of any consideration for the transfers is that of Payne himself, who stated on another occasion (not on this trial) that the transfers were made on account of indebtedness to Mrs. Timms. He says: "I am largely indebted to Mrs. Timms, and made these transfers to pay her with other claims and judgments. In the case of Payne vs. Ronnseville & Elliott, 1670 district court, there was no stipulated price for the transfer. I am unable to fix the amount of my indebtedness to Mr. Timms. It is more than I am able to pay." This is the only evidence going to show any consideration for the transfers attacked, notwithstanding that was directly put in issue. The burden of proof was upon the defendants to prove facts peculiarly within their knowledge. They have not done so in this important particular. Indeed, neither Payne nor Mrs. Timms testified on the trial below, and even the existence of any indebtedness to the transferee is not otherwise shown than by the statement of Payne just recited, which was given in another judicial proceeding and introduced here by the plaintiff.

The attorney and agent who received the transfers testified on the trial to that fact and to his authority to do so, but nothing more; not a word as to any knowledge of indebtedness by Payne to Mrs. Timms. See 15 An. 509, 663; 20 An. 97, as to effect of failure to produce evidence on a material point, and especially as to proof of price of transfer in a case like this. See 12 R. 95. But were the indebtedness established beyond question, the transfers would at most be only a giving in payment, to which a fixed price is as essential as to a sale. C. C. 2655. There is no sum stipulated or shown to be due. Though it be a debt, the amount of that debt must be shown. 10 La. 151. Kleinpeter vs. Harrison, 21 A. 197. Though the consideration was really a debt due, however, it could only have been lawfully paid in money when the debtor was insolvent. C. C. 2658.

A sale to pay one creditor, even ignorant of the debtor's insolvency, is a fraud on the other creditors. 2 La. 18; 8 La. 308; 14 La. 367. It is denied that Payne was insolvent, and it was attempted to show by the evidence of two or three witnesses in the trial that they owed him more at the time of the judgment and after the transfers attacked than plaintiffs' debt, and had since paid him. This indebtedness is stated to have been for money loaned or advanced, to have been evidenced partly by note and partly by account, but how much by note and how much by account is not shown. It is hardly probable that any considerable sum

Lovell vs. Payne.

of loaned money was on mere account, or that one who was evidently transferring the great bulk of his means in view and anticipation of plaintiff's debt being put in judgment would leave these claims open to seizure. They were doubtless protected against it by the form of the notes or evidences of debt. A *fieri facias* was issued upon plaintiff's judgment, and the defendant pointed out as the only property subject to seizure an iron safe. He was assessed for no property on the tax-rolls, and after the garnishment of a debt which yielded a little over four hundred dollars, the sheriff being unable to find any thing else subject to seizure, the *fieri facias* was returned unsatisfied except as to the credit stated. This was evidence of the debtor's insolvency, or practically the same thing, that there was nothing belonging to him within reach of the process of the law. See C. P. 643 and 647 as to duty and manner of procedure of the sheriff and what may be seized. Will it be said that a transfer made in fraud of and to defeat the rights of creditors can not be set aside, because after transferring the great bulk of his property and assets to large amount, and without any consideration or in any manner recognized by law, it can not be avoided, because the debtor may control out of reach of his creditors some remnant of means when he himself confesses his insolvency. Either his statement that he owed Mrs. Timms is to be accepted as true or not. If not true, then there was no consideration for the transfers. If true, they were in fraud, besides the other reasons mentioned, because that indebtedness is confessed by himself to be more than he can pay, which itself proves insolvency. Again, he does not state that he received or had given up to him any evidences of debt, any obligations or other consideration, and it is shown by Mrs. Timms's agent that most of the notes were merely handed over to him without any formal transfer at all. We think the case is with the plaintiff, if not on the score of insolvency and injury, most certainly on the ground that there was really no valid or legal transfer at all, and that what was done and attempted was done in fraud of plaintiff's rights as a judgment creditor. No matter what the shape or form of the attempted fraud, it was open to attack by any creditor prejudiced. C. C. 1968 and 1969; 6 An. 552; 10 An. 18.

The judgment of the district court was against the plaintiff in his demand to revoke and set aside the fraudulent transfers; it was erroneous, and is avoided and reversed; and it is now ordered and decreed that the transfers and conveyances made by James A. Payne to Mrs. Grace Timms, wife of Jules L. Timms, of the promissory notes and judgments described in plaintiff's petition be and they are declared and adjudged illegal, fraudulent, and null and void in law, and that said notes, subscribed by Andrew S. Herron, Thomas J. Buffington, and R. M. & D. M. Walsh, by Mrs. Mary C. Pierce, wife of S. M. Pierce, by M. J.

33

Williams, by M. C. Blessing, and the judgments against Tim Duggan, Joseph L. Bernard, David Ahern, and Mrs. Miller, Nos. 2322, 2412, 2413, and 2056, described in plaintiff's petition, together with all accessory mortgages and securities, be declared to be the property of James A. Payne, and subject to be seized and sold to pay and satisfy the judgment and debt of plaintiff as such or otherwise subjected to the payment of his said debt and judgment according to law. It is further ordered and adjudged that the defendants pay costs of both courts.