No. 8814.

THOMAS J. MAJORS VS. E. S. DENNIS, SHERIFF, ET AL.

Where a sale of goods and merchandise is real and not simulated, and delivery has been made, a creditor of the seller must attack and annul the sale as in fraud of his rights, before he seizes the goods to satisfy his judgment against the seller.

APPEAL from the Eighth District Court, Parish of Madison. Delony, J.

*Spencer & Lucas* for Plaintiff and Appellee.

*Jno. B. Stone* for Defendants and Appellants.

The opinion of the Court was delivered by

MANNING, J. A. K. Bonham & Co. obtained judgment against C. W. Wilson for $965.83, and Majors injoined the execution of it upon a lot of goods, on the ground that he was the owner of them by a sale from Wilson, accompanied by delivery, made several months before. He invokes the principle that where the sale is real and not simulated, it must first be attacked and annulled before the property, which is the subject of the sale, can be seized.

The defendant creditors in their answer aver the simulation, and justify the seizure because of it.

In this they have signally failed. The proof is complete of the verity of the sale, and of the good faith both of Wilson and Majors, and that creditors must resort to the revocatory action of sales of movables, as well as immovables, when such sales are real and not simulated, as decided in McAdam vs. Soria, 31 Ann. 862, where all previous decisions are reviewed.

As to a portion of the goods seized, the proof is uncontradicted that they form no part of the stock bought by Majors from Wilson, but were added afterwards, either by purchase from Maxwell, a rival merchant in the same village, or from without the State. It is probably on this account the lower court gave damages to Majors for the illegal seizure.

Majors was in some degree in fault. The circumstances under which he bought had an appearance of an attempt to save himself. Wilson owed him over six thousand dollars, and owed others considerable sums. Their intention was to pay all, and Major's good faith was attested by his paying several of Wilson's creditors at once, and assuming to pay others. These identical goods had lain in the store several months, boxed up by the sheriff, under an attachment which Majors had not judicially resisted nor complained of. Bonham should not be mulcted in damages for treating the goods as Majors had to all appearance treated them.

It is therefore ordered and decreed that the judgment of the lower court maintaining the injunction is affirmed, and so much of that judgment as awards damages against the defendants is reversed, the plaintiff and appellee to pay costs of appeal.