(61 South. 397.)

No. 19,357.

FISHEL v. IRWIN et al.

(Feb. 17, 1913. Rehearing Denied March 17, 1913.)

*(Syllabus by the Court.)*

1. FRAUDULENT CONVEYANCES (§ 86*)—TRANSACTIONS INVALID—RIGHT TO PREFER CREDITOR.

An insolvent debtor may lawfully sell for the price which is paid to him; but the law forbids him to give in payment to one creditor, to the prejudice of the others, any other thing than the sum of money due. Rev. Civ. Code, art. 2658.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 219, 220; Dec. Dig. § 86.*]

2. FRAUDULENT CONVEYANCES (§ 171*) — TRANSACTIONS INVALID — KNOWLEDGE OF VENDEE.

The sale of property by a debtor who has not sufficient means to pay all his debts, made to one creditor, will be considered in fraud of the rights of the remaining creditors, and will be annulled and set aside, though made in ignorance, on the part of the vendee, as to approaching insolvency, and in all other respects with the utmost good faith. Taylor v. Knox, 2 La. 16; Lovell v. Payne, 30 La. Ann. 512; Queyrouze & Bois v. Thibodeaux, 30 La. Ann. 1114; Appleby v. Lehman & Co., 51 La. Ann. 476, 25 South. 132.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 522; Dec. Dig. § 171.*]

3. FRAUDULENT CONVEYANCES (§ 76*)—TRANSACTIONS INVALID — NATURE OF CONSIDERATION.

A contract of sale, reciting that the consideration is cash, will not be invalidated if the parties can show the existence of a true and sufficient consideration. It is not immoral to use the contract of sale as security for money advanced, or to be advanced. Rev. Civ. Code, art. 1900; Brown v. Brown, 30 La. Ann. 966; Chaffe v. Sheen, 34 La. Ann. 684; Landry v. Landry, 40 La. Ann. 229, 3 South. 728; Wolf v. Wolf, 12 La. Ann. 529.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 192–196; Dec. Dig. § 76.*]

4. INTEREST (§ 35*)—RATE — VALIDITY OF ORAL AGREEMENT.

The amount of conventional interest must be fixed in writing; testimonial proof of it is not admitted in any case. Rev. Civ. Code, art. 2924; Reid v. Duncan, 1 La. Ann. 265; Mourain v. Delamare, 4 La. Ann. 78; Lalande v. Breaux, 5 La. Ann. 505; Keane v. Branden, 12 La. Ann. 20; Gerspach & Herring v. Mullin, 25 La. Ann. 599.

[Ed. Note.—For other cases, see Interest, Cent. Dig. § 75; Dec. Dig. § 55.*]

5. FRAUDULENT CONVEYANCES (§ 74*)—TRANSACTIONS INVALID—CONSIDERATION—"DATION EN PAIEMENT."

The dation en paiement, where the value of the property given is greatly in excess of the consideration made, is a remunerative donation. McGuire v. Amelung, 12 Mart. (O. S.) 649; Semple v. Fletcher, 3 Mart. (N. S.) 382.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 186–190; Dec. Dig. § 74.*]

6. FRAUDULENT CONVEYANCES (§ 312*)—REMEDIES OF CREDITOR—JUDGMENT.

In an action by creditors to avoid a fraudulent contract of their debtor, the judgment shall be that the contract be avoided as to its effects on the complaining creditors, and that all the property or money taken from the original debtor's estate by virtue thereof, or the value of such property to the amount of the debt, be applied to the payment of the plaintiff creditors. Rev. Civ. Code, art. 1977; Labauve v. Boudreau, 9 Rob. 28; Marchand v. Van Norden, 33 La. Ann. 803; Flower v. Préjean, 42 La. Ann. 898, 8 South. 596.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 963–965, 967; Dec. Dig. § 312.*]

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by Lewis Fishel against Michael Irwin and another, in which the Interstate Trust & Banking Company and others intervene. From a judgment for plaintiff and interveners, defendants appeal. Modified and affirmed.

Joseph F. Walton and Mark M. Boatner, both of New Orleans, for appellants. Ernest T. Florance, of New Orleans, for appellee Fishel. Howe, Fenner, Spencer & Cocke and Esmond Phelps, all of New Orleans, for appellee Interstate Trust & Banking Co. Dufour & Dufour and Geo. Janvier, both of New Orleans, for appellees liquidators of Canal Bank & Trust Co.

SOMMERVILLE, J. Plaintiff sues defendant on three promissory notes, aggregating $3,910.50, made and issued by the defendant Michael Irwin.

The Interstate Trust & Banking Company, the holder of the defendant's promissory note for $1,000, the liquidators of the Louisiana National Bank, holders and owners of three other promissory notes, aggregating $3,150, and the liquidators of the Canal Bank & Trust Company, the holders and owners of five other certain promissory notes, aggregating $3,300, intervene in the suit, joining plaintiff in all of the allegations contained in his petition; and all ask for judgment against defendant Mr. Irwin in the several amounts sued for.

No serious defense was urged by Michael Irwin to the notes sued upon, except as to one for $900, held by the liquidators of the Louisiana National Bank, which note was indorsed by Michael Irwin, but not made by him. It was admitted on the trial that notice of dishonor of that note had not been served upon Irwin, the indorser; and the liquidators abandoned their claim on that note. Nevertheless, the jury included said note in its verdict, and the judgment will therefore have to be reduced from $3,150 in favor of the liquidators of the Louisiana National Bank to $2,250, with interest and costs.

Plaintiff and interveners make other allegations in their petitions, to the effect that Michael Irwin was the owner of certain described property, real and personal, which he sold, by public act, July 3, 1905, just prior to the maturity of the first note sued on, to his daughter, Mary T. Irwin, codefendant herein; that the transfer and conveyance were a fraud upon petitioner and interveners; that said transfer and conveyance were made for the purpose of giving an unfair and fraudulent preference to the said Mary T. Irwin, also a creditor; that defendant Michael Irwin, in the act of sale, transferred all the property of which he was possessed to said Mary T. Irwin. They then pray that the transfer and conveyance should be declared simulated, or annulled as fraudulent, in so far as they affect petitioner and interveners, that the pieces of real property and personal effects be decreed to be the property of Michael Irwin, and subject to the payment of his debts, or that the value of said property, to the amount of petitioner's and interveners' debts, be applied with preference and priority to the payment thereof, and for general relief. There was judgment as prayed for, and the defendants have appealed.

Answers have been filed to the appeal, in which it is asked that the verdict and judgment appealed from be amended so as to annul and set aside, in so far as plaintiff and interveners are concerned, the alleged sale and transfer as in fraud of plaintiff and interveners; and that their rights to be paid by preference and priority out of the proceeds of said property be recognized.

The act of sale attacked in this case shows the consideration for the transfer of all of plaintiff's property to have been $6,000 cash and the assumption of certain unpaid bills due on the stock of groceries transferred by Michael Irwin. The evidence shows that no money consideration was received by Michael Irwin. The sale was not for cash.

The evidence further shows that Michael Irwin received for and on account of his minor daughter, Mary T. Irwin, the codefendant, $2,000 in cash, of which he took possession, and which he retained in his possession. This indebtedness of $2,000 by Irwin to his daughter was the real and sole consideration for the transfer to Mary T. Irwin of the property involved in this case, and valued at $6,000.

[1-3] This transfer was therefore a dation en paiement, not an act of sale. The evidence further shows that at the time of the transfer by Michael Irwin of all of his worldly goods to the codefendant, valued in the aggregate at $6,000, he was in insolvent circumstances. He owed the plaintiff and the interveners herein, as well as his daughter, Mary T. Irwin, the sum of about $15,000 and interest. The law provides, in such circumstances, that the insolvent may sell for cash to be paid by his creditor to him; and he is forbidden to give in payment to one creditor, to the prejudice of the others, any other thing than the sum of money due. Civil Code, art. 2658. In Taylor v. Knox, 2 La. 16, we say:

"A sale of property by the debtor who has not sufficient means to pay all of his debts, made to one set of creditors, will be considered as in fraud of the rights of the remaining creditors, and will be annulled and set aside, though made in ignorance, on the part of the vendees, as to approaching insolvency, and in all other respects executed with the utmost good faith."

Again, in Lovell v. Payne, 30 La. Ann. 512, we say:

"Though the consideration was really a debt due, however, it could only have been lawfully paid in money when the debtor was insolvent. Civil Code, art. 2658. * * *

"Either his statement that he owed Mrs. Timmis is to be accepted as true, or not. If not true, then there was no consideration for the transfer. If true, they were in fraud, besides, the other reasons mentioned, because that indebtedness is confessed by himself to be more than he can pay, which itself proves insolvency.

"The law forbids the giving in payment, by an insolvent to one creditor, to the prejudice of the others, any other thing than the sum of

money due; and the proof in this case is that Thibodeaux, by this dation, attempted and intended to vest in his children a title to all that he had, reserving nothing whatever to himself. * * * That it was also void, because the effect, if it had been real, would have been to divest the father, the head of the family, of the means of support; it would not have left him a bed or a chair. That it was void because he retained nothing with which to pay his debts, and it made him insolvent." Queyrouze & Bois v. Thibodeaux, 30 La. Ann. 1114; Appleby v. Lehman & Co., 51 La. Ann. 476, 25 South. 132.

Irwin, defendant here, the head of a family, had transferred everything he possessed to his daughter, the codefendant. The sale included all of his several pieces of real property, as well as his grocery business, bed, and kitchen furniture—all the property that he owned.

[4, 5] Defendants urge that Michael Irwin, when his daughter became of age, had promised to pay to her, when he settled with her at some future time, 8 per cent. interest on the amount which he held belonging to her, and that this interest, at the time of the transfer, together with the principal, amounted to about $6,000, and that full consideration was therefore received by Mr. Irwin for the transfer of his property to the codefendant. Defendant Irwin testified on the trial of the cause that this agreement to pay interest was verbal, not in writing. The Code provides (article 2924) that conventional interest must be fixed in writing; testimonial proof of it is not admitted in any case. Lalande v. Breaux, 5 La. Ann. 505; Keane v. Branden, 12 La. Ann. 20; Gerspach & Herring v. Mullin, 25 La. Ann. 599. There was no interest due, legal or conventional, by the father on the money which he held belonging to his minor daughter during the 17 years of her minority. This agreement to pay interest, therefore, during that term was a donation made to her, or rather a promised donation. Even in this view, where the value of the property, $6,000, is so much in excess of the consideration, $2,000, with legal interest, the transfer constitutes a remunera-

tive donation. And on this point, in McGuire v. Amelung, 12 Mart. (O. S.) 649, we say:

"The contract by which the plaintiff claims is one of those which, though not forming the contract of sale, clearly resembles it, or rather it is nothing else but a dation en paiement, which differs in few particulars from a sale. Pothier denominates an act as that now under consideration 'la donation rémunératoire.' "

In Semple v. Fletcher, 3 Mart. (N. S.) 382, we say:

"As written, it was a donation, purely such. With the testimony it became a donation rémuneratoire, which is nothing more than a dation en paiement."

The case presents the transfer of property of the value of $6,000, conveyed to a daughter in payment of an indebtedness, which did not exceed $2,000. It was made at a time when the transferror was insolvent, and immediately before the maturity of the notes which made him so. The transfer was omnium bonorum. There was complete divestiture of assets by the vendor. The stated consideration in the act was $6,000 cash. The act was signed by the transferee, who knew that the statement was a false statement, and evidently made for some unusual purpose. The transferee under said transfer was present in court, heard herself charged with fraud, and she did not take the stand in order to assert her innocence of the fraud; and in her answer she does not deny the fraud charged, or allege ignorance thereof, beyond a general denial contained in said answer. The contract of sale, or dation en paiement, involved in this case was made by Michael Irwin in fraud of the rights of his creditors. The jury so found; and their verdict is correct in respect thereto. The creditors of Irwin have a right of action, therefore, to have the transfer set aside, in so far as it may affect them. All the parties are before the court; and the evidence shows that the contract operates to the injury of plaintiff and interveners. It will therefore be set aside, in so far as it may affect them.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended by reducing the judgment in favor of Robert M. Walmsley, Sylvestre P. Walmsley, and John S. Couret, liquidators of the Louisiana National Bank, from $3,160 to $2,260, and by striking out the words "and with 8 per cent. interest on $900 from March 12, 1905, until paid."

It is further ordered, adjudged, and decreed that the judgment appealed from be further amended so as to annul and set aside the alleged sale from defendant Michael Irwin to Mary T. Irwin, codefendant, of the property described in plaintiff's petition herein, in so far as plaintiff and interveners are concerned, as in fraud of them as creditors of Michael Irwin; and that plaintiff's and interveners' rights to be paid by preference and priority out of the proceeds of said property be recognized. Costs of appeal to be paid by appellees.