## CAMPBELL v. CALCASIEU NAT. BANK OF SOUTHWEST LOUISIANA et al.

(Circuit Court of Appeals, Fifth Circuit. May 17, 1926.)

No. 4745.

1. **Bankruptcy ⬙310—Fraudulent conveyances ⬙321(2).**

Creditor, who procured annulment of fraudulent mortgage by suit, under Civ. Code La. art. 1977, is not entitled to be subrogated to position of mortgagee, nor entitled to secured claim in bankruptcy of mortgagor.

2. **Bankruptcy ⬙200(4), 207—Judgment in creditor's suit in state court, annulling mortgage and giving creditor lien on mortgaged premises, held annulled by bankruptcy of mortgagor within four months thereafter, but creditor's lien was subject to be preserved for benefit of estate in bankruptcy (Civ. Code La. art. 1977; Bankruptcy Act, § 67f [Comp. St. § 9651]).**

Judgment in creditor's suit, under Civ. Code La. art. 1977, annulling mortgage and decreeing mortgaged property subject to seizure and sale by creditor to satisfy his claim, held, under Bankruptcy Act, § 67f (Comp. St. § 9651), annulled by bankruptcy proceedings of debtor within four months after its entry, but lien acquired by creditor on mortgaged property was subject to be preserved for benefit of estate in bankruptcy.

3. **Bankruptcy ⬙185.**

Under Bankruptcy Act, § 70e (Comp. St. § 9654), trustee's right to avoid any transfer of

bankrupt's property which a creditor could have avoided is not subject to four-months limitation.

Appeal from the District Court of the United States for the Western District of Louisiana; James C. Wilson, Judge.

In the matter of the bankruptcy of Alfred S. Campbell. From an order entered on the intervening petition of the Calcasieu National Bank of Southwest Louisiana, seeking to have an order allowing a secured claim of Alfred Campbell set aside, and the intervener, and Lucian W. Dalbey, as trustee, recognized as having the rights of a mortgagee, Alfred Campbell appeals. Reversed and remanded, with directions.

James Oliver Modisette, of Jennings, La. (Modisette & Adams, of Jennings, La., on the brief), for appellant.

Charles A. McCoy and Leland H. Moss, both of Lake Charles, La. (J. H. Heinen, of Jennings, La., and McCoy & Moss, of Lake Charles, La., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. On January 24, 1922, Alfred S. Campbell executed to his father, Alfred Campbell, the appellant, a mortgage on land to secure a debt of $8,600 and interest. In a suit brought in a Louisiana state court on November 17, 1922, by the appellee, Calcasieu National Bank, the payee in a note made by Alfred S. Campbell for $4,500, with interest, against the appellant and Alfred S. Campbell, a judgment or decree was rendered on February 23, 1923, whereby said mortgage was "decreed to be null and void, as having been given in fraud of creditors, and attempting to confer upon the said Alfred Campbell, mortgagee, an undue preference over the other creditors of Alfred S. Campbell, mortgagor, having been given when the said Alfred S. Campbell was, to the knowledge of both the mortgagor and mortgagee, insolvent, and that the property described in said mortgage be and it is hereby decreed subject to seizure and sale by the plaintiff according to law, and the proceeds derived therefrom be applied to the extinguishment of this judgment in preference to any privilege in favor of Alfred Campbell, mortgagee." That decree was affirmed by the Supreme Court of Louisiana. Calcasieu National Bank v. Campbell, 155 La. 378, 99 So. 337.

On a voluntary petition filed by Alfred S. Campbell on March 5, 1923, he was adjudged bankrupt on the same day. After the appellant had presented and procured the allowance of his mortgage claim in the sum of $8,600, the appellee by an intervening petition filed in the bankruptcy proceeding, to which appellant alone was made a defendant, sought the setting aside of the order allowing appellant's claim in the sum of $8,600, with interest and attorney's fees, as a secured claim, and the recognition of the appellee's rights as a mortgagee in the sum of $4,500, with interest and attorney's fees. The referee made an order to the effect that the appellee had a privilege, and should be paid by preference over the appellant from the proceeds of the sale of the mortgaged property, and that the proceeds, if any, after paying the cost and judgment in favor of the appellee, be paid to the appellant. The court confirmed that order. The appeal is from the decree to that effect.

[1] To support the decree appealed from, the theory was advanced that the appellee, to the extent of the debt owing to it by the bankrupt, was substituted or subrogated to the position of the appellant as mortgagee, and was entitled to enforce the mortgage as if it had been made to itself. Evidently such a theory finds no support in the provision of law giving a creditor a remedy in the case of an invalid transfer by his debtor of property to another creditor; and it is equally evident that neither of the state courts which sustained appellee's attack on the bankrupt's mortgage to the appellant acted on any such theory. The right asserted and maintained in the above-mentioned suit in the state court is the one provided for by article 1977 of the Civil Code of Louisiana, which reads as follows:

*"Fraudulent Contracts as to Complaining Creditors Only.*—The judgment in this action, if maintained, shall be that the contract be avoided as to its effects on the complaining creditors, and that all the property or money taken from the original debtor's estate, by virtue thereof, or the value of such property to the amount of the debt, be applied to the payment of the plaintiff."

The just-quoted provision is explicit in giving to the complaining creditor the right to avoid the attacked transfer as to its effects on the former, and in making the voidably transferred property subject to be applied as the debtor's property to the payment of the debt to the complaining creditor as if the attacked transfer had not been made or attempted. By its plain terms the judgment rendered in the suit in the State court an-

nulled and avoided as to the appellee the mortgage of the bankrupt to the appellant and decreed the mortgaged property to be subject to seizure and sale to satisfy the bankrupt's debt to the appellee. The opinion rendered by the Supreme Court of Louisiana in affirming that judgment, in harmony with other decisions of that court, unequivocally recognized that the effect of the affirmed judgment was, not to keep the attacked mortgage alive for the benefit of the appellee, but to annul it so far as it affected appellee's rights, and to make what was embraced in the mortgage subject to be applied as the debtor's property to the satisfaction of the appellee's demand. Calcasieu National Bank v. Campbell, supra; Fishel v. Irwin, 132 La. 344, 61 So. 397. The judgment relied on to support the claim asserted by appellee's intervening petition in the bankruptcy proceeding that appellee was entitled to enforce the mortgage made by the bankrupt to the appellant as a security for the debt to appellee furnished no support for that claim. The court erred in adjudging in favor of that claim.

[2] This litigation between appellant and appellee has been carried on in apparent disregard of the right or claim of the trustee in bankruptcy to the property covered by the mortgage. As above indicated the trustee was not made a party to the intervening petition filed by the appellee in the bankruptcy proceeding, and, prior to the rendition of the decree now under review, so far as appears, was not notified, by citation or otherwise, of the filing or pendency of that petition. The judgment of the state court in the suit brought by the appellee having been rendered within four months prior to the filing of the bankruptcy petition, the bankruptcy adjudication had the effect of annulling any lien created by that judgment.

In behalf of the appellee it was contended that that judgment did not create a lien in his favor, but enforced his right to the benefit of the lien or privilege created when the mortgage to the appellant was made. That contention is not sustainable. Under the Louisiana law, a judgment in favor of a creditor in a proceeding to annul a fraudulent sale or mortgage made by his debtor has the effect of conferring on the successful creditor a lien or privilege on the property which is the subject of the annulled transfer. This was distinctly recognized in the concluding paragraph of the opinion in Calcasieu National Bank v. Campbell, supra. The appellee did not acquire, in whole or in part,

the lien created by the bankrupt's mortgage, but acquired a lien or privilege as to the mortgaged land as a result of the state court judgment in its favor—a right to be preferred over the appellant in the application of the mortgaged land, or the proceeds of the sale of it, to the payment of debts of the mortgagor.

Judicial action in pursuance of an assertion by suit of the right of the appellees to have the mortgage annulled as to it was necessary to vest in appellee the right, superior to that of appellant, to have the mortgaged property subjected to the satisfaction of the debt to the former. That lien, having been obtained through legal proceedings against the bankrupt and the appellee within four months prior to the filing of the bankruptcy petition, was annulled by the bankruptcy adjudication, but was subject to be preserved for the benefit of the estate in bankruptcy. Bankruptcy Act, § 67f (Comp. St. § 9651); Globe Bank v. Martin, 236 U. S. 288, 35 S. Ct. 377, 59 L. Ed. 583. The just cited case, in which it was decided that the right of a creditor to set aside a voidable transfer of property by his debtor was not supported by a lien prior to the rendition of the judgment for the enforcement of that right, was like the case of Calcasieu National Bank v. Campbell, supra, in that each of those cases was a suit by a creditor to subject to the satisfaction of his demand alleged voidably transferred property of the debtor, and the judgment granting the relief sought in each was rendered within four months prior to the filing of the petition under which the debtor was adjudged bankrupt.

[3] The trustee in bankruptcy was not limited to seeking, for the benefit of the estate, the preservation of the lien acquired by the appellee by the judgment in its favor. Under section 70e of the Bankruptcy Act (Comp. St. § 9654) the trustee may avoid any transfer by the bankrupt of his property which any creditor of the bankrupt might have avoided, and he is given authority to recover the property in the hands of any one not a bona fide holder for value. Globe Bank v. Martin, supra. The right of action given the trustee by the just-mentioned provision is not subject to the four-months limitation. Under that provision, if a creditor could have avoided a transfer under a state law, a trustee may do the same. Stellwagen v. Clum, 245 U. S. 605, 38 S. Ct. 215, 62 L. Ed. 507.

The record in the instant case discloses a state of facts suggesting the propriety of the trustee resisting the claims of the appellant

and the appellee as to the mortgaged land, and claiming for the creditors generally the property embraced in the mortgage of the bankrupt to the appellant; it having been judicially determined that a creditor of the bankrupt was entitled to avoid that mortgage. We do not undertake to determine what, if anything, the trustee is entitled to, as that question has not been presented to or considered by the trial court.

The decree is reversed, and the cause is remanded, with direction that the appellee have leave to make the trustee in bankruptcy a party defendant to the above-mentioned intervening petition filed in the bankruptcy proceeding, and that, as to the mortgaged property, the trustee in bankruptcy be ordered to resist the claims asserted by the appellant and the appellee.

Reversed.