No. 2858

Second Circuit

---

LOUISIANA  RAILWAY  &  NAV.  CO.  v.

LAWRENCE

---

(January 28, 1927. Opinion and Decree.)
(February 24, 1927. Rehearing Refused.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Carriers of Passengers and Goods—Par. 155, 160; Evidence—Par. 58, 59.**

The burden of proof is on the defendant who claims a lower rate of freight charges than the regular tariff to establish the fact that a special rate was applicable to his shipment consigned to the railroad company.

2. **Louisiana Digest—Carriers of Passengers and Goods—Par. 155, 160.**

In default of any proof that a special rate of tariff was applicable to a shipment made by defendant, there must be

judgment for railroad company for freight charges on the regular tariff.

Appeal from the Ninth Judicial District Court of Louisiana, Parish of Rapides. Hon. Leven L. Hooe, Judge.

Action by Louisiana Railway and Navigation Company against Rolle C. Lawrence.

There was judgment for defendant and plaintiff appealed.

Judgment reversed.

Peterman, Dear & Peterman, of Alexandria, attorneys for plaintiff, appellant.

Gus A. Voltz, of Alexandria, attorney for defendant, appellee.

WEBB, J. In this action plaintiff seeks to recover judgment against defendant for an alleged balance due for freight on shipments of crossties made by defendant over plaintiff's line from Pineville to Alexandria, and war tax on said shipments.

The plaintiff alleges that defendant was quoted a rate of two cents per hundred pounds, or a minimum of fifteen dollars per car load, and was assessed and paid freight charges on that basis amounting to one hundred and five dollars on the shipment of seven cars; that the rate quoted and charges assessed against defendant were erroneous and were not the correct rate and charges under the published tariff on file and in effect on the dates of the shipments, but that the correct rate, which should have been applied, was six and one-half cents per hundred pounds, and the correct charges which should have been made under that rate was two hundred and sixty-six and 28-100 dollars; and plaintiff also alleged that it failed to collect war tax of four and 84-100 dollars, making a balance due of

one hundred and sixty-six and 12-100 dollars, for which amount plaintiff prays for judgment.

The defendant answered, admitting the shipments to have been made, the quotation of the rate and payment of the charges as alleged, but denied that the correct rate, charges and war tax were as alleged by plaintiff, or that any balance was due, and alleged that the correct rate was two cents per hundred pounds and that defendant had paid all that was due.

On trial judgment was rendered rejecting plaintiff's demand, and it appealed.

## OPINION

The plaintiff offered in evidence certain tariffs, which were shown to have been published and on file on the dates of the shipments, under which the shipments from Pineville to Alexandria bore a rate of six and one-half cents per hundred pounds, and that the freight charges under such tariffs should have been as alleged by plaintiff.

The defendant then offered and introduced in evidence another tariff, which was shown to have been published and on file on the dates of the shipments, under which a rate of two cents per hundred pounds was applicable to such shipments from Pineville to Alexandria, where the shipment was for use in the latter place and not for reshipment from that point.

The parties each contend that the other was bound to prove the facts which would or would not render the latter tariff applicable, that is, the defendant contends the plaintiff should have established that the shipments were not to be used in Alexandria but were for reshipment from that point, while the plaintiff contends the de-

fendant should have established that the shipments were for use in Alexandria and not for reshipment from that point.

The plaintiff argues that the tariffs filed by it fix the general rule, and the tariff-filed by defendant fixes a special rate or exception to the general rate, which seems to be admitted by defendant in his brief, and that it necessarily follows, defendant claiming under the special rate must prove the facts which would make the special tariff applicable; and this argument appears to us to be unanswerable, provided this question of fact was at issue, and the tariffs filed by plaintiff fixed the general rule or rate, and the tariff filed by defendant fixed a special rule or rate.

Under a strict construction of plaintiff's petition, it may be that defendant might well have assumed plaintiff took the position that there was only one tariff or rate applicable to all shipments of crossties from Pineville to Alexandria and have acted upon such assumption; however, he did not take such position, but pleaded that the correct rate on the shipments made by him was two cents per hundred pounds, and in support of his allegation he offered the tariff which fixed such rate, and there was thus placed before the court the tariffs covering shipments from Pineville to Alexandria, which must be read together and which show, when thus read, that the tariff filed by defendant is a special tariff which is applicable only when the shipment is used in Alexandria and not to be re-shipped from that point.

The tariff, we consider, is in the nature of a law of which the shipper, as well as the carrier, must take notice, and of which they are presumed to have knowledge; and when the tariff was placed before the court and it appeared that the defendant had paid under the special tariff,

we think the pleadings, if necessary, should be considered as amplified and the plaintiff as appearing before the court claiming that the rate should be fixed under the general rule and the defendant as claiming that it should be fixed under the special rule, and that the error, if any, in fixing the rate under the special rule was mutual, both parties being presumed to have knowledge of the law, and that the sole question at issue is one of fact, which is, whether or not the rate fixed by the special tariff should have been applied to the shipments in question.

The tariff being in the nature of a law and the special rate being applicable only when the shipment was to be used in Alexandria and not to be reshipped from that point, the defendant should be held to establish the facts which would fix the rate under the special tariff.

"One claiming the benefit of a proviso of a statute is bound to prove the facts which place him within the proviso."

Miller vs. Morgan, 6 Mar. (N. S.) 86.

However, if it should be said that the regulation or tariff fixing the rate should not be considered as a law, and the burden of proof cast upon one who claims that the rate should be fixed under a special provision of the tariff to prove the facts which render the proviso applicable, but that the general rule, under which the plaintiff is generally held to bear the burden of proof should be applied, we are of the opinion that the facts which may have rendered the shipments subject to the tariff filed by the defendant were peculiarly within the knowledge of the defendant, and the defendant must be held bound to establish the facts which would render the special tariff applicable.

Lovell vs. Payne, 30 La. Ann. 511.

Bastrop State Bank vs. Levy, 106 La. 591, 31 South. 164.

Jones on Evidence, No. 181.

And in default of any proof of such facts judgment should have been rendered in favor of plaintiff.

The evidence establishing that the war tax was not paid, and the amount of this tax being fixed by law as alleged by plaintiff's petition, we find that plaintiff should have judgment as prayed for.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and that plaintiff, Louisiana Railway & Navigation Company, have and recover judgment against defendant, Rollo C. Lawrence, in the sum of one hundred and sixty-six and 12-100 dollars with legal interest thereon from June 18, 1919, and all costs.