## PEROT et al. *v.* CHAMBERS, Tutor.

Where an act of sale is inscribed among the notarial records in the office of a parish judge but not registered in the separate volume kept by him for the inscription of mortgages, the privilege of the vendor will not be preserved.   C. C. 3238, 3351, 3353.

APPEAL from the District Court of Natchitoches, *Taylor, J. Campbell*, for the appellants, contended that the act of sale, under which plaintiffs claim a privilege, was properly registered, citing 6 Mart. N. S. 118. 2 La. 275. 7 La. 478. 6 Rob. 58. *P. A. Morse*, for the defendant. The judgment of the court was pronounced by

PEROT
*v.*
CHAMBERS.

KING, J. The plaintiffs mortgaged to the *Exchange Bank* a tract of land and several slaves, to secure the re-payment of a bond given by them for a loan of $2,800. Subsequently they sold the land to *Brazeale & Sewell* for $2,000, by a public act passed before the parish judge, in whose office it was duly recorded in the book of alienations. The purchasers assured the payment of the mortgage to the bank, and received from the plaintiffs $800, the difference between the price of the land and the mortgage assumed. On the day following the sale *Brazeale & Sewell* disposed of the land to *Lenoir*, by an act of exchange. *Brazeale & Sewell* having failed to make the stipulated payment for the land, the bank obtained an order of seizure and sale, in virtue of which all the mortgaged property was seized. Pending the seizure the plaintiffs paid $500 to the attorney of the bank, which sum was credited on the writ. An additional sum was paid by *Brazeale & Sewell*, and, some time after. *Brazeale* acquired the bond at a sale of the bank's assets. Upon the exhibition of this bond to the recorder of mortgages, the mortgage was erased. The defendant, being a judgment creditor of *Lenoir*, issued a *fieri facias*, in virtue of which the land in question was seized. The plaintiffs thereupon instituted this proceeding, which is a third opposition, claiming the vendor's privilege upon the land for the $500 paid by them towards the extinction of the mortgage debt due to the bank. Their claim was rejected in the court below, and they have appealed.

It is contended that the sum advanced by the *Perots* is a part of the price of the land, which remains still unpaid to the vendor. If this be conceded, the privilege of the plaintiffs can only take effect to the prejudice of third persons from the date of its due registry in the mortgage office. It is urged that the inscription of the act of sale from which the privilege results on the notarial records of the parish judge, before whom the act was passed, was a sufficient registry to preserve and give effect to the privilege. The decisions to which we are referred in support of this position were reviewed in the matter of *Falconer's Succession*, 4 Rob. 5, and shown to have been made under the operation of laws which required no separate books to be kept by parish judges for the inscription of mortgages. Subsequent legislation directed a separate book to be kept for the inscription of mortgages, and only gave effect to such encumbrances, to the prejudice of third persons, from the date of their inscription on the records kept for that purpose. C. C. 3351, 3353, 3238. It appears, in the present instance, that books, distinct from the notarial records, were kept, in which mortgages were inscribed; and in those the act, from which the alleged privilege results, was not inscribed. It has not, therefore, received the publicity which the law imperatively requires, to give it effect against third persons. It is not material to enquire whether the inscription in the book of alienations of the parish judge's office would have been a sufficient registry. if that officer, in violation of his duty, had kept no separate book for the inscription of acts importing mortgages or privileges. Separate books were kept, and the inscription of the privilege in them was indispensable to preserve and give it effect. The object of the inscription is to give publicity to the encumbrances with which

property is charged. A registry in books not resorted to for the purpose of ascertaining the existence of such encumbrances, though kept in the same office, is not more effectual in giving notice of a mortgage or privilege, than if the act were recorded in a different office.                    *Judgment affirmed.*