No. 7776.

### W. L. JACKSON VS. R. P. MILLER ET AL.

The real cause and consideration of a written contract involving a transfer of immovable property may be shown by parol evidence, although it appears that the real consideration was different from the one expressed in the contract.

A transfer of mortgaged property to the mortgage creditor in settlement of a debt much larger in amount than the value of the property, is not in fraud of the debtor's other creditors.

APPEAL from the Thirteenth Judicial District Court, parish of Concordia. *Hough*, J.

W. F. Mullen and Geo. W. Sawyer for plaintiff and appellant:

First—That the parol evidence to show the consideration of the transfer from Miller & Walton to John A. Miller was inadmissible, is established by the following authorities: Skillman and Wife vs. Lacey, 12 M. 404; Clark vs. Farrar, 3 M. 252, 253; Hart vs. Clark, 5 M. 614; Semple vs. Fletcher, 3 N. S. 385; 2 L. 447; 17 L. 366;

Girod vs. Vines, 23 An. 588; 8 M. 216; the cases of Semple vs. Fletcher, 3 N. S. 385; Pothier on Obligations, t. 1, pt. 4, art. 3; C. C. 1808, 241, 1876, 2275; 6 M. 429; 4 N. S. 159; 2 L. 448; 4 L. 1; 16 L. 130; 9 R. 416; 4 An. 441; 15 An. 577; 27 An. 198; 28 An. 181.

Second—But if the evidence is held admissible, it shows a giving in payment by an insolvent debtor, which is prohibited. C. C. arts. 2658 and 2440; 10 L. 159; 21 A. 196.

Third—The relation of creditor and debtor existed between the plaintiff and Miller & Walton at the date of the transfer attacked by reason of the suretyship of Jackson for Miller & Walton. Van Wyck vs. Seward, 18 Wend. 375; Jackson vs. Myers, 18 Johnson R. 425; Fox vs. Hill, 1 Conn. R. 275; How vs. Ward, 1 Greenleaf R. 195; Lewkner vs. Freeman, 1 Eq. Cas. Abr. 148.

O. Mayo for defendant and appellee:

That parol evidence is admissible to show the true cause of a contract, even though it be another cause than that set up in the contract. C. C. 1894, 1900; 3 An. 135; 26 An. 548; 30 An. 966.

---

The opinion of the court was delivered by

MANNING, C. J. The plaintiff sues to recover $4,798.50 with interest of R. P. Miller and G. L. Walton *in solido*, and $1,701.50 of the latter individually, and also to annul a sale made by these parties to John A. Miller of a plantation, and to subject it to the payment of his debt. John A. Miller being dead, his daughter and heir Georgia Miller, is a party defendant as his representative. There was judgment in favor of the plaintiff for the moneyed demands against R. P. Miller and Walton, and in favour of all the defendants, rejecting the demand for the annulment of the sale.

R. P. Miller and G. L. Walton purchased the Excelsior plantation in January 1859 from John A. Miller, the price being $73,284.00 of which $12,765.60 was paid cash. In January 1861 a mortgage was given by these parties to their vendor upon this plantation and seventy negroes to secure $77,712.35. In August 1867 they conveyed the plantation to John A. Miller by deed, the consideration of which is said to be one dollar.

The allegation of the plaintiff is that this sale is simulated and fraudulent, and is informal and void against third persons for want of a legal price and consideration, and is not translative of property. The defendant offered, and was permitted, to prove by parol the real consideration of the transfer, which was the delivery and cancellation of the unpaid mortgage notes which John Miller held, and which had been substituted to the notes given two years before at the purchase, and

28

which therefore included the whole of the credit instalments of the purchase price with accrued interest, and some additional sum. Bills of exception were reserved to the admission of this testimony and present the chief question for decision.

It is a truism to say that titles to real estate can neither be created nor destroyed by parol evidence, nor can parol evidence be admitted to alter, vary, or contradict a written title, but the question here is whether such testimony can be admitted to discover the real cause or considera- tion of a contract, when it is not expressed, on its face. In Delabigarre v. Second Municipality, 3 Ann. 230, where the object of the evidence was to shew whether the contract was a donation or compromise, this court said—courts of justice will pause and try to discover whether this was the real cause, for a contract is not the less valid though the cause be not expressed, and if the cause expressed be one that does not exist, yet the contract cannot be invalidated if the party can shew the exist- ence of a true and sufficient consideration. Civil Code, arts. 1888–1894. It is the necessary consequence of these provisions of law that the true cause may be shewn by any legal evidence, oral or written, and that the evidence adduced for that purpose never can be considered as contra- dicting the act.

So in Heluin v. Minor, 12 Ann. 124 the consideration of a deed for land was stated to be " for value received," and its validity was attacked, the court say—the plaintiffs contend that if the act be considered a sale, it is void for want of a fixed and determinate price, and if it be consid- ered a donation, it is void for not having been passed before a notary and two witnesses. There cannot be any doubt that our courts would consider the instrument invalid as a donation, and it may not be techni- cally a sale under the Code, but it does not necessarily follow that the contract itself, after its execution, is to be considered as void because it cannot be classed as a contract of sale. * * * A contract is not invalid because the cause has not been properly expressed. Civil Code, art. 1894. In a later case where the question was a partition of real estate it was said ;—This is not an attempt to prove by parol a sale of immovable property, nor to contradict a valid existing instrument, but to shew that by accident or negligence the instrument in question was not made the depository of the intention and meaning of the contract- ing parties. *Ex necessitate* parol evidence should be received. Fleming v. Walton, 26 Ann. 545. In Brown v. Brown, 30 Annual, 966, we ruled that when an actual consideration, however inadequate, exists for an alleged sale, the contract is not simulated. Objection was made there as here, that the real consideration of the transfer could not be proved by parol. The consideration in that case was stated in the deed to be cash, and it was proposed to prove that notes were taken. We admit-

-ted the testimony saying—if the cause expressed in the contract should be one that does not exist, yet the contract cannot be invalidated if the party can shew the existence of a true and sufficient consideration.

In the present case the deed, after a form familiar to conveyances in the common law, expressed one dollar as the consideration, and the conveyance was from vendees in a former sale, of the property then bought, to their vendor accompanied by the cancellation of their notes which represented the original purchase price, and which was far in excess of the value of the property at the time of the resale. To say that this is to permit parol evidence to contradict the written contract is an abuse of terms. There was a valid contract i. e. the sale of the plantation. It had a valid consideration which was not expressed. Parol evidence was properly admitted to shew what it was.

The only other question is that this resale is alleged to have been in fraud of creditors. John Miller had a mortgage to secure the price, and the land was not worth over one third its amount. A forced sale in foreclosure of his mortgage would have consumed the whole proceeds, and have left a large part of his debt unsatisfied.

Judgment affirmed.