(56 South. 663.)

No. 18,537.

GRANT TIMBER & MFG. CO. v. GRAY et al.

(Nov. 27, 1911.)

*(Syllabus by Editorial Staff.)*

VENDOR AND PURCHASER (§ 233*)—PRIORITY OF TITLE.

Record title, traced back to the patentee of land, prevails over unrecorded title, based on transfer of the patent.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 563–566; Dec. Dig. § 233.*]

Appeal from Thirteenth Judicial District Court, Parish of Grant; W. F. Blackman, Judge.

Action by the Grant Timber & Manufacturing Company against Henry P. Gray and another. From a judgment of nonsuit, plaintiff appeals. Suit dismissed.

Henry Moore, H. H. White, and White, Thornton & Holloman, for appellant. Robert P. Hunter & Sons, for appellee Gray.

PROVOSTY, J. Both parties have asked the court to adjudicate the question of title, the property involved being the S. W. ¼ of the N. W. ¼, and the N. W. ¼ of the S. W. ¼, section 27, township 8 N., range 2 W.

The task is an easy one. There is no dispute about the facts. Both parties trace their title to John R. Brady, the patentee. Defendant acquired from the heirs of Brady. Plaintiff propounds two titles: One derived through Fred. Brady, who was not an heir of John R. Brady, and never pretended to be such, or to be owner of the property, but was induced by one of the authors of plaintiff's title to sign a quitclaim deed, merely to serve as a "starting point" for a new title; and another from the heirs of James S. Millstead, to whom John R. Brady transferred the patent by an act of transfer written on the back of the patent. The latter title would prevail, if it had been recorded; but it never was, so that, when defendant acquired from the heirs of John R. Brady, he acquired from the owners of record, and, such being the case, his title must, as a matter of course, prevail over that of plaintiff, who set up a title derived from parties not owners of record. McDuffie v. Walker, 125 La. 152, 51 South. 100; Moore Planting Co. v. Railroad Co., 126 La. 866, 53 South. 22.

It is therefore ordered, adjudged, and decreed that the judgment appealed from, which was merely of nonsuit, be set aside, and that there now be judgment dismissing plaintiff's suit, and recognizing the defendant Henry P. Gray as owner of the land in controversy, and condemning plaintiff to pay all costs of suit.