(78 South. 977)

No. 21723.

PFEIFFER v. NIENABER.

(May 27, 1918.)

*(Syllabus by Editorial Staff.)*

EVIDENCE ⚌441(8)—PAROL EVIDENCE—VARYING STIPULATIONS OF ACT OF SALE.

Under Civ. Code, arts. 2236, 2276, declaring that the authentic act is full proof of the agreement contained in it against the contracting parties, and that parol evidence may not be admitted against or beyond what is contained therein nor on what may have been said before or at the time of making it, parol evidence was inadmissible to prove an independent verbal agreement to divide the profits arising from the resale of real property where the act of sale conveyed the property to defendant for a stated consideration with no stipulation outside of the ordinary warranty and subrogation clauses.

O'Niell, J., dissenting.

Appeal from Civil District Court, Parish of Orleans; T. C. W. Ellis, Judge.

Action by William Pfeiffer against Jacob Nienaber. Judgment for defendant, and plaintiff appeals. Affirmed.

Lyle Saxon, of New Orleans (Sol Weiss, of New Orleans, of counsel), for appellant. Dart, Kernan & Dart, of New Orleans, for appellee.

LECHE, J. Plaintiff sues to recover $2,100 which he claims from defendant, as the result of an agreement to share equally in the profits of a sale of immovable property situated in the city of New Orleans.

He alleges, in substance, that on June 9, 1899, he purchased from R. J. Goebel three lots of ground and the improvements thereon; that, although the title was placed in his own name, the said purchase was made for joint account of himself and defendant; that on February 27, 1904, he sold his interest in said property to defendant, but that previous to the said sale of February 27, 1904, defendant had verbally agreed with him that he (defendant) would build a home on said property, and had also agreed that in case he sold the property he would pay to plaintiff "one-half of the profits of whatever sums he might realize thereafter" by such sale. Plaintiff further alleges that defendant sold said property on June 30, 1908, at a profit of $4,200, wherefore he prays for a judgment in a sum equal to one-half of said profit.

The present suit was filed January 28, 1913, and after due trial judgment was rendered in favor of defendant and the present appeal from said judgment was taken by plaintiff.

On the trial of the case, the act of sale of the property from plaintiff to defendant passed on February 26, 1904, being offered in evidence, defendant then objected to the admission of any parol testimony to show the alleged agreement, on the ground that such testimony tended to contradict and vary the written stipulations of said act.

The act of sale offered in evidence shows that it was passed before Fred. Deibel, notary public, on February 26, 1904, and purports to convey the whole property from plaintiff to defendant for a cash consideration of $2,300, receipt whereof is acknowledged by plaintiff. It contains no other consideration, nor any stipulation outside of the ordinary warranty and subrogation clauses usually found in acts conveying immovable property. According to articles 2236 and 2276, Civil Code, the authentic act is full proof of the agreement contained in it, against the contracting parties, and parol evidence may not be admitted against or beyond what is contained therein, nor on what may have been said before or at the time of making the same. The rule of evidence thus announced by the Code is mandatory,

and the only exception thereto is where fraud or error is charged or where the act is vague and ambiguous and is not susceptible of intelligent construction without proof of extraneous facts. But, as none of these grounds which justify an exception to the rule are either pleaded or urged in the case, the parties must be strictly held to the principle thus prescribed by the Code. The situation then presented to the court by the pleadings and the act of sale of February 26, 1904, at the time defendant interposed his objection to the admissibility of parol evidence to prove the agreement, was that plaintiff had failed to allege any consideration for the obligation on defendant's part to turn over to him one-half of the profits made by defendant on the sale of the property executed on June 30, 1908, unless such consideration was based upon the sale of February 26, 1904; that the mere promise by defendant to give plaintiff one-half of said profits, if made without any consideration, would be a nudum pactum, unenforceable by an action at law; and that the authentic act of sale showed no such agreement or consideration for such an agreement. It therefore seems clear that the only purpose of such parol testimony was to prove a cause or consideration for said agreement, and in so doing to prove something beyond the said authentic act of sale, in contravention of the two cited articles of the Code. The evidence admitted over defendant's objection conclusively shows that such was plaintiff's purpose. Defendant's objection had the same effect as an exception of no cause of action would have had, if the act of sale had been annexed to plaintiff's petition. Thus viewing the legal situation of the parties, at the time defendant made his objection, we are of the opinion that said objection should have been maintained, and that, plaintiff then being unable to prove an enforceable or valid agreement, his suit should have been dismissed.

A case cited by defendant, and which in our opinion is exactly in point, is that of Hart v. Clark's Executors, 5 Mart. (O. S.) 614, wherein the court said:

"A verbal promise to pay to the vendor, the difference between the price at which a tract of land is purchased, and that at which it may be sold, cannot support an action."

For these reasons the judgment appealed from is affirmed.

O'NIELL, J., dissents, for the reasons stated in his dissenting opinion in Robinson v. Britton, published in 69 South. 284, particularly that the testimony was not offered to affect the title to real estate, nor to contradict the recitals of the deed, and because the rule excluding verbal testimony against a written instrument is subject to the exception that either party to a written contract may show by verbal testimony another cause or consideration than is stated in the instrument. See R. C. C. arts. 1896 to 1900.