**GUILLORY v. MEYERS.**
No. 1176.

Court of Appeal of Louisiana.  First Circuit.
June 30, 1933.

Carmouche & Carmouche, of Crowley, for appellee.

ELLIOTT, Judge.

Achille Guillory claims of John Meyers $225, with interest, based on a written obligation, containing a condition, which he alleges has been complied with; that the sum claimed under the condition is therefore due.

The defendant first urges, as an exception against plaintiff's demand, the prescriptions of three and five years. These exceptions were overruled, upon which he answered, admitting some of the averments in the petition, denied others, and denies being indebted to the plaintiff. He alleges as his defense facts which are contrary to and inconsistent with the facts stated in the written agreement on which the plaintiff bases his suit.

On the trial of the case, the plaintiff objected to questions asked him by the defendant, and also to the testimony of the defendant, the purpose of which was to contradict the contract sued on and show that the consideration therein stated did not exist; that it was in fact without any consideration and therefore without effect under the law. The court at first ruled favorably to plaintiff's objection, but subsequently permitted the defendant to interrogate the plaintiff and permitted the defendant himself, to contradict by his testimony the recital in the obligation sued on to the effect that "purchaser has retained from the vendor, the sum of $225.00," and to say that nothing was in fact retained; but, after hearing all the evidence on the subject, the court, for reasons assigned in writing, ruled that the parol evidence should not have been received, holding, however, that, even if the evidence had been admissible, the burden of proof was on the defendant; that he had not carried the burden, and it rendered judgment in favor of the plaintiff as prayed for.

Defendant has appealed. The prescriptions of three and five years, pleaded as exceptions by the defendant, not being urged in his brief, we look on as having been abandoned and have therefore not considered the exceptions.

The plaintiff urges that the final action of the lower court permitting the introduction of parol evidence to contradict and set at naught the obligation sued on was erroneous, and prays that the ruling be reviewed and set aside and that the evidence be excluded.

The written obligation, marked "P-1," on which the suit is based, reads as follows:

"Crowley, La., Sept. 29th., 1929.

"This is an article of agreement between Achille Guillory and John Meyers, both residents of Acadia Parish, Louisiana.

Percy T. Ogden, of Crowley, for appellant.

"Note of Agreement

"Whereas on the 29th. day of September, 1927, the said Achille Guillory sold to the said John Meyers among other property Lots 6, 7 and 8 of Block 12 in the town of Midland, Louisiana. That the records of Acadia Parish show that there is one vendor's lien note identified with sale Number 50575 for $150.00 with interest from Oct. 17th., 1919 at 8%. Now as an assurance and security against the payment of this note by the purchaser, the said purchaser has retained from the vendor the sum of $225.00. Now the condition of this obligation is such that at any time that the vendor will have this note cancelled the amount of $225.00 will be due him. Further in case that the said purchaser will be obliged to pay this note the vendor would be entitled to the difference between the face value of the note and the surplus that has been retained. In witness hereof said appearers have signed these presents in triplicate in the presence of the undersigned witnesses after reading the whole.

"Achille   his  X   Guillory
          mark
"John Meyers

"Witnesses:
  "C. L. Reddich
  "H. Jacob"

Express reference is made in the obligation to an authentic act of sale from Guillory to Meyers, passed the same day as the counter letter sued on, and whereby Guillory sold and delivered to Meyers certain land described in the act. The act refers to a vendor's privilege note for $150 as ostensibly bearing on the land. The seller, Guillory, had paid the note, but it was not in hand so that the mortgage, which ostensibly secured it, could be canceled.

The obligation on which this suit is based is under private signature, but its execution is duly acknowledged in the answer of Meyers as well as in his testimony. The act sued on is in effect a counter letter, and has for its purpose the protection of Meyers against the note.

Guillory brought about the cancellation of the mortgage and now claims the sum of $225, which the parties say in the counter letter Meyers retained in his hands out of the price of the sale. The counter letter does not use the word "cash," but the language, "has retained from the vendor the sum of $225.00" means cash retained. The act of sale to which reference is made in the counter letter states that the price of the sale was cash and movable property, but fails to state how much of it was cash and how much movable property.

Defendant does not allege error, mistake, or fraud in his answer, but his averments on the subject of the price of the sale taken in connection with the failure of the act of sale to declare how much of the price was cash and how much movable property and to which act the obligation sued on refers, is sufficient warrant to justify the reception of parol evidence to show how much of the price was cash and how much movable property, but only to the extent that such testimony does not contradict and set at naught the counter letter sued on, which is duly acknowledged by the defendant, plain in every thing it says, and needs no extraneous explanation.

The act of sale says on its face, "This sale is made and accepted for and in consideration of the price and sum of $1260.00 in cash, current money, the receipt whereof is hereby acknowledged and full acquittance and discharge granted therefor." Then follows the clause concerning the mortgage note for $150 not in hand, and then comes the further statement concerning the consideration for the sale, which reads, "Vendor and purchaser declared, that in so far as the consideration hereinafter named was paid in cash and movable property, agreed with vendor and purchaser."

The word "hereinafter" as used in the act of sale is evidently a typographical error and the word "hereinbefore" was clearly the word intended to be used. Taking it as thus intended, parol evidence was not admissible under the averments of the answer for the purpose of contradicting and setting at naught the written agreement sued on, duly acknowledged by the defendant, which says that the "purchaser has retained from the vendor the sum of $225.00," and which amount retained was part of the price of the sale and was to be paid by the buyer to the seller as soon as the mortgage for $150 was canceled; that said amount had in fact not been retained in cash for such a purpose; that the sale was made without cash to that extent being retained, rendering the obligation sued on without consideration and without legal effect and substituting therefor a verbal contract of a different kind, entered into about a year later, and which Meyers had discharged by releasing animals and farming implements to Guillory answering to that amount.

The answer does not allege that the counter letter sued on does not state the mutual intent of the parties. Consequently, under defendant's averments a different intent cannot be shown by parol evidence, and, as fraud is not charged, parol evidence is not admissible to show fraud.

"An act under private signature, acknowledged by the party against whom it is adduced or legally held to be acknowledged, has, between those who have subscribed it, and their heirs and assigns, the same credit as an authentic act." Civil Code, art. 2242.

"Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before,

or at the time of making them, or since." Civil Code, art. 2276.

Plaintiff's objection is supported by the following cases, cited in his brief: Arguimbau v. Insurance Company, 106 La. 139, 30 So. 148; Robinson v. Britton, 137 La. 863, 69 So. 282; Hemler v. Adcock, 166 La. 704, 117 So. 781. The case, Pfeiffer v. Nienaber, 143 La. 601, 78 So. 977, is also an authority in line.

■ Defendant cites the Civil Code, art. 1900, which reads, "If the cause expressed in the consideration should be one that does not exist, yet the contract can not be invalidated, if the party can show the existence of a true and sufficient consideration," and Jackson v. Miller, 32 La. Ann. 432, to which we add Brown, Adm'r v. Brown, 30 La. Ann. 966. The article is not applicable to the present situation. The defendant is not seeking to support a contract by showing that it has a sufficient consideration, but endeavors to show that it was without consideration and therefore without legal effect, and to show that the plaintiff and himself entered into a verbal contract of a different kind about a year later whereby he released to plaintiff animals and farming implements, paying in that way to the plaintiff the balance of the price of sale, and therefore owed him nothing. The authorities cited by defendant do not in our opinion support the position which he takes.

Plaintiff's objection to parol evidence to the extent stated and for the purpose offered should have been sustained.

The lower court, after holding that the evidence should have been received, took the evidence received into account, and held that the burden of proof was on the defendant, that he had not carried the burden, and rendered judgment in favor of the plaintiff as prayed for on that account.

■■ We have been compelled to go over all the evidence in the case in order to get in hand the purpose and effect of the offering and the effect the parol evidence offered would have had on the contract sued on. Under article 2232 of the Civil Code, the burden of proof was on the defendant to show exoneration.

In this connection we notice the averment in defendant's answer, that animals and farming implements valued at $1,130 entered into the price of the sale; that Meyers paid in cash a debt due by Guillory to L. L. Lambert in amount $120.71, making a total of $1,250.71. The price named in the act of sale is $1,260; consequently the alleged value of the animals and farming implements and the sum paid to Lambert falls $9.29 short of the price agreed on in the act.

The evidence shows that the counter letter sued on was written for the parties by the same notary public who passed the act of sale. The witnesses to the acts are the same, and, for all that appears to the contrary, the officer and the witnesses could have been called, but they were not called; the parties each practically depending on their own testimony.

We agree with the lower court that, even if all the parol evidence offered by the defendant, which was objected to, be taken into account, he has not carried the burden against the affirmative testimony of the plaintiff supported by the contract sued on.

Judgment affirmed; defendant and appellant to pay the costs in both courts.