DIXON, Judge.
This is a suit to set aside a conveyance of land as a simulation. In the alternative, plaintiff sought to have the act of sale set aside as having been executed in fraud of plaintiff’s right as a creditor of the vendor.
In answer the defendants contended that the conveyance complained of was merely dation en paiement to a mortgage creditor, and could in no way have prejudiced the rights of plaintiff.
There was a reconventional demand for libel by the defendants.
There was judgment in the district court for the plaintiff, setting aside the deed complained of and rejecting the demands of the defendants, plaintiffs in reconvention.
William Carl Shipp and his father-in-law, Gordon Earl Adams, are the named defendants. Shipp was a resident of Franklin Parish. He was engaged in some farming operations and at one time operated an automobile agency. The plaintiff is a bank in Jackson, Mississippi. From June of 1964 through February of 1965 the plaintiff loaned Shipp money, which loans were secured by deeds of trust covering oil and gas lands in Panola and Shelby Counties, Texas. In September of 1964 defendant Shipp borrowed $30,000 from defendant Adams, his father-in-law, and $10,000 from W. G. McMullen, his wife’s brother-in-law (the repayment of which was guaranteed by Adams). This loan to Shipp was occasioned by an overdraft in an account of Shipp’s in connection with the oil and gas operation.
In order to secure the $40,000 loan, Shipp executed a note and a mortgage in the amount of $60,000 covering the real estate involved in this suit and 180 head of cattle. This note was given to the defendant Adams, and the mortgage inscribed in the mortgage records. Defendant Shipp’s father died on February 25, 1966, at which time plaintiff demanded payment, and on May 11, 1966 filed suit against the defendant William Carl Shipp and the succession of his father, Carl Shipp, Jr., in the amount of $213,127, subject to certain credits, and in the additional sum of $22,-000, subject to certain credits. On July 7, 1966 the defendant Shipp executed a new note and mortgage, and his father-in-law, Adams, canceled the old mortgage. The effect of the transaction of July 7, 1966 was to release 180 head of cattle from the October 16, 1965 mortgage so that the cattle could be used for security by Shipp to obtain a loan from Tallulah Production Corporation.
On February 16, 1967 the defendant, William Carl Shipp, executed an act of sale of real property located in Franklin and Catahoula Parishes to Gordon Earl Adams, his father-in-law, the other defendant in this suit. The deed purported to convey four parcels of land for the stated consideration of $97,195.78. The consideration *812 was said to have been paid as follows: the cancellation of an indebtedness of Shipp to Adams of $48,000 (described in testimony as loans of $30,000 and $10,000, plus unpaid interest) and the cancellation of the mortgage dated July 7, 1966 securing the loan and the assumption by Adams of the balances due on three certain mortgages affecting parts of the property conveyed. There was a correction deed executed April 25, 1967 correcting the description of one of the tracts.
On June 15, 1967 judgment was rendered in suit No. 11,858 in favor of plaintiff, Deposit Guaranty National Bank, and against the defendant, William Carl Shipp, and the executrix of the succession of his father, Carl Shipp, Jr., in the principal sum of $213,127, subject to certain credits, and the additional sum of $22,000, subject to certain credits.
It is this unsatisfied judgment which the plaintiff contends gives it the right to the revocatory action.
The record leaves no room for doubt that the transaction complained of was not a simulation. Plaintiff does not now contend that Adams did not actually loan Shipp $40,000. The district court found that the conveyance was a giving in payment to one creditor, to the prejudice of others, which is forbidden in C.C. 2658:
“This difference gives rise to another in the effect of these contracts, in cases of the insolvency of the debtor. He may, although insolvent, lawfully sell for the price which is paid to him; but the law forbids to give in payment to one creditor, to the prejudice of the others, any other thing than the sum of money due.”
Our courts have uniformly held that an insolvent debtor may not prejudice his creditors by making a dation en pa-iement to one of them. Cases maintaining this principle are relied on by the plaintiff-appellee and were cited by the district court in setting aside the conveyance of February 16, 1967. Shipp was at that time insolvent. The conveyance to Adams included all the real property owned by Shipp in Louisiana. The oil properties in Texas owned by Shipp were involved in litigation, and their value, if any, cannot be ascertained from the record.
Nevertheless, it appears that one essential element for establishing the nullity of Shipp’s giving in payment to Adams is absent. The record does not establish that the conveyance prejudiced the plaintiff.
The difference in the case before us and all those cases cited by the plaintiff-appel-lee is that here the conveyance was to a mortgage creditor of the insolvent debtor, who had, by virtue of his mortgage, a privilege on the property and a preference over other creditors. The rule that the property of the debtor is the common pledge of his creditors is qualified in C.C. 3183 by the clause “unless there exist among the creditors some lawful causes of preference.”
The trial court cited the following cases in setting aside a conveyance of a debtor: Taylor v. Knox, 2 La. 16 (1830); Lovell v. Payne, 30 La.Ann. 511 (1878); Harman v. Defatta, 182 La. 463, 162 So. 44 (1935); Southland Inv. Co., Inc. v. Michel, La.App. 149 So. 177 (1933); Knox Glass Bottle Co. v. Golden Gate Liquor Co., Inc., 174 So. 684 (1937).
In Taylor v. Knox, the judgment creditors of Saul sued to set aside the conveyance of some slaves. At a time when Saul had been sued by the bank of which he was cashier for defalcation, Saul conveyed to his sureties on his bond to the bank several slaves. There was apparently a jury finding that Saul was hopelessly insolvent at the time of the conveyance. The conveyance of the slaves was set aside as being in violation of the then Civil Code Article 1965 et seq. (presently Article 1970 et seq.).
Lovell v. Payne was a revocatory action to set aside the conveyance of property by a judgment debtor to his daughter. The *813 court set the sale aside, finding that there was “really no valid or legal transfer at all.”
In Harman v. Defatta, Harman obtained a judgment against Defatta for $8000 and sold under fi. fa. property, which had been mortgaged to secure the debt, for $4900 about 1933. After the creation of the obligation on which Harman Sued, but before Harman obtained his judgment, Defatta conveyed property to his wife and other members of his family. There was an effort to set aside the conveyance of the property to Defatta’s son as being either a simulation, or a conveyance subject to the revocatory action. The court found that the son had at one time given his father $300, and held the conveyance was not a simulation. The court set the conveyance aside because it was a giving in payment, and was presumed to be, in the absence of testimony to the contrary, injurious to the other creditors. The court said 162 So. at page 46:
“In the absence of testimony to the contrary, it is presumed that a transfer made by an insolvent debtor to one of his creditors in consideration of a past-due debt results in injury to the other creditors.”
In Southland Inv. Co., Inc. v. Michel, there was a third opposition in which there was a claim of ownership of movables seized. The seizing creditor was the landlord of Triangle. She claimed the convey-ace by Triangle to Southland of the movables was subject to revocation as a dation en paiement, at a time when Triangle was insolvent, and to her prejudice. The Court of Appeal set aside the conveyance, holding that it violated C.C. Article 2658. (The conveyance had been made by Triangle to Southland in payment of a “past due note.” There was no mortgage or other privilege held by Southland on the property).
Knox Glass Bottle Co. v. Golden Gate Liquor Co., Inc. was a suit, among other things, to set aside the conveyance by a corporation to one of its stockholders of some of the assets of the corporation, which was in debt to the plaintiff. The transfer was annulled as being in fraud of creditors. There is no indication in the opinion that the transferee had any kind of privilege or mortgage on the property which he had received from the corporation.
Several other cases are cited in the ap-pellee’s brief, but none of them touch upon the point here presented: is a giving in payment by an insolvent debtor to one creditor a nullity when the record does not establish that the other creditors are prejudiced thereby? Several references in cases have indicated, without necessarily holding, that the giving in payment of property upon which the transferee has a privilege does not violate the provisions of C.C. Article 2658. See Florance v. Nolan, 4 La.Ann. 329 (1849).
The only case found in which a solution of the problem was essential to the decision of the case is Jackson v. Miller, 32 La.Ann. 432 (1880). There, Chief Justice Manning devoted most of the opinion to deciding that parol evidence was admissible to show that the true consideration of a transfer was the cancellation of a pre-ex-isting debt. Almost parenthetically, the opinion concluded with the brief statement that the conveyance had not been “in fraud of creditors,” because the “vendee” held a mortgage on the property greatly in excess of its value:
“The only other question is that this resale is alleged to have been in fraud of creditors. John Miller had a mortgage to secure the price, and the land was not worth over one third its amount. A forced sale in foreclosure of his mortgage would have consumed the whole proceeds, and have left a large part of his debt unsatisfied.” (32 La.Ann. 432, 435).
Therefore, it' appears that, on the only occasion when the Supreme Court was required to pass on the issue in this case, it *814 was decided adversely to the contentions of the plaintiff-appellee.
On the trial of the case, plaintiff introduced evidence in an effort to show that the value of the property conveyed was in excess of the sum of the consideration. Plaintiff’s evidence consisted of the testimony of an appraiser, who said that the farm land involved was worth $300 an acre. However, this same witness had appraised parts of the same property involved in this suit about two years before the trial in the inventory of the defendant Shipp’s father’s succession. In that inventory, he appraised the farm land at about $200 an acre. Such testimony cannot establish the true value of the land involved. The testimony adduced by the defendants supported their contention that the conveyance was for a price equivalent to the recited consideration. Much of the land conveyed was not conveyed in full ownership, since Shipp was the owner of undivided interests in different parcels. Some of the land had not been seen by any of the witnesses.
If the sale of February 16, 1967 were set aside, and Adams’ mortgage reinstated, the record obliges us to conclude that this plaintiff could realize nothing from a sheriff’s sale of the property involved. Therefore, plaintiff-appellee has not been prejudiced by this giving in payment, and it should not be annulled.
The defendants reconvened praying for damages for libel, since the plaintiff accused them of acts in fraud of their creditors.
The articles of plaintiff’s petition are not libelous, although the word “fraud” is used. Civil Code Article 3360 defines the fraud complained of here as an unfair preference which the debtor gives to one of his creditors. A fair reading of the articles of the petition discloses that this is the only accusation made against defendants by plaintiff, and the truth of the allegation depends on a determination of legal issues. No damage has been proved by the defendants, plaintiffs in reconvention. They established that they were worried and distressed by the lawsuit (as are most defendants), but we find that the reputation of the defendants was not damaged by the allegations of the petition, and that the accusations in the petition were not libelous. The judgment of the district court in rejecting the demands of the defendants, plaintiffs in reconvention, is affirmed.
The judgment of the district court is otherwise reversed, and there is now judgment rejecting the demands of the plaintiff and reinstating the act of sale dated February 16, 1967, executed before Robert Lowe, ex-officio notary, by William Carl Shipp to Gordon Earl Adams, recorded in Conveyance Book 139 page 242, Franklin Parish, Louisiana, and corrected by “correction deed” dated April 25, 1967, recorded in Conveyance Book 140 page 256, Franklin Parish, Louisiana, all at the cost of plaintiff-appellee.