COVINGTON, Judge.
This is an appeal from the judgment of the trial court making the writ of mandamus peremptory, ordering the clerk of court and ex-officio recorder of mortgages to cancel certain inscriptions from the mortgage records insofar as they affect the following described property:
A certain lot of ground together with all buildings and improvements thereon and thereunto belonging, situated in Crescent Place Subdivision, a subdivision situated in Sections 96 and 97, T 11 S, R 14 E, Ascension Parish, Louisiana, and more fully shown and described according to a map of survey made by Billie E. Spell, C. E., dated October 21, 1968, which map is recorded in COB 213 Entry #97828 of the records of Ascension Parish, Louisiana, as follows, to-wit: Lot No. 10 fronting on Crescent Place Drive, whereon it has a frontage of 70 feet by a depth between parallel lines of 150 feet.
Plaintiff, Quality Finance Company of Donaldsonville, Inc., brought this suit to mandamus the Clerk of Court to cancel certain mortgage inscriptions when a prospective buyer declined to go through with the sale of the subject property unless the inscriptions were cancelled. The lienholder and judgment creditors were joined with the clerk of court as parties defendant. Certain exceptions were filed and were properly overruled by the trial court.
On the trial the facts were stipulated. On April 3, 1973, Marvin and Patricia Gros, insolvent debtors, executed a giving in payment transferring the subject property to the plaintiff. As a part of the consideration plaintiff assumed the balance due the prime mortgage holder, Ascension Savings and Loan Association, and also paid to the loan association the sum of $450.00 in interest which was due on the account.
At that time Mr. and Mrs. Gros were delinquent in their payments to the finance company and to the loan association. Plaintiff finance company had filed a suit for executory process which was then pending. The first mortgage holder, the loan association, was just about to file foreclosure proceedings of its own.
At the time of the execution of the giving in payment the subject property was affected by the following mortgages, judgments and liens:
1. Mortgage to Ascension Savings and Loan Association, having a principal balance of $20,378.28.
2. Mortgage to Quality Finance Company of Donaldsonville, Inc., having a principal balance of $8,945.55.
3. Judgment in favor of Mrs. Ezal D. Gros in the original amount of $48,000.-00, of which the principal amount has been paid, but approximately $6,000.00 was owed for interest, attorney’s fees and costs.
4. Lien in favor of Louisiana Department of Employment Security in the amount of $250.02.
5. Judgment in favor of Lane Wood & Company in the principal amount of $6,766.65.
Plaintiff then entered into an agreement to sell the subject property to Jack Hood for the appraised market value of the property, the sum of $29,000.00.
One of the defendants, Mrs. Ezal Gros, has stipulated that the giving in payment was not prejudicial to her rights and has consented to the requested cancellation of the particular inscription.
After a hearing on the rule to make the writ of mandamus peremptory, the trial court rendered judgment for the plaintiff for reasons orally assigned.
The Clerk of Court, the Department of Employment Security and Lane Wood & Company have appealed this judgment.
*652 Appellants contend that the trial court’s judgment ordering the cancellation of their encumbrances should he reversed on the ground that the plaintiff finance company-had voluntarily cancelled its mortgage at the time of the execution of the giving in payment, and, therefore, their encumbrances now rank immediately behind the first mortgage so that they prime the rights, if any, of the plaintiff. In support of this contention, appellants rely upon the doctrine of the law of recordation, citing the case of Southern Casualty Co. v. Ross, 179 La. 145, 153 So. 673 (1934). Appellants also cite LSA-C.C. art. 2266 and La. R.S. 9:2721 in support of their contention.
The plaintiff-appellee contends that the transfer involved in the instant case is a dation en paiement, or a giving in payment, by insolvent debtors to a mortgage holder, or a secured creditor, and was not under the circumstances prejudicial to the rights of the lienholder and the judgment creditors holding subordinate or inferior encumbrances.
We must first determine whether or not the giving in payment from Marvin and Patricia Gros to Quality Finance, plaintiff-appellee, was valid. Under the Civil Code, a debtor “may, although insolvent, lawfully sell for the price which is paid to him; but the law forbids to give in payment to one creditor, to the prejudice of the others.” LSA-C.C. art. 2658.
It is well established that an insolvent debtor may not prejudice his creditors by making a giving in payment in favor of one of them. See Deposit Guaranty National Bank v. Shipp, La.App., 232 So.2d 810 (2d Cir. 1970), and the cases therein cited.
Since the giving in payment in the instant case was executed by admittedly insolvent debtors, it is valid only if the other creditors are not prejudiced by the transfer. Did the transfer of the subject property in the instant case by the insolvent debtors to the second mortgage holder who assumed the obligations under the first mortgage prejudice the rights of the subordinate lienholder and the judgment creditors?
We find the case of Deposit Guaranty National Bank v. Shipp, La.App., 232 So.2d 810 (2d Cir. 1970), supra, dispositive of this question. The Court in the Shipp case, finding that the amount of the superior mortgages exceeded the value of the property given in payment, ruled that an insolvent mortgagor’s giving of the mortgaged property in payment to the mortgagee was not a forbidden preference because the other creditors would realize nothing from a sheriff’s sale of the property if the transfer were set aside and were not thereby prejudiced.
In the Shipp case the Court said:
“Our courts have uniformly held that an insolvent debtor may not prejudice his creditors by making a dation en paiement to one of them. . . . Shipp was at that time insolvent. The conveyance to Adams included all the real property owned by Shipp in Louisiana.
“Nevertheless, it appears that one essential element for establishing the nullity of Shipp’s giving in payment to Adams is absent. The record does not establish that the conveyance prejudiced the plaintiff.
“The difference in the case before us and all those cases cited by the plaintiff-appellee is that here the conveyance was to a mortgage creditor of the insolvent debtor, who had, by virtue of his mortgage, a privilege on the property and a preference over other creditors. The rule that the property of the debtor is the common pledge of his creditors is qualified in C.C. 3183 by the clause 'unless there exist among the creditors some lawful causes of preference.’ ”
*653 After distinguishing the leading cases cited on the point, the Court continued:
“. . . is a giving in payment by an insolvent debtor to one creditor a nullity when the record does not establish that the other creditors are prejudiced thereby? Several references in cases have indicated, without necessarily holding, that the giving in payment of property upon which the transferee has a privilege does not violate the provisions of C.C. Article 2658. See Florance v. Nolan, 4 La.Ann. 329 (1849).
“The only case found in which a solution of the problem was essential to the decision of the case is Jackson v. Miller, 32 La.Ann. 432 (1880). . . . Almost parenthetically, the opinion concluded with the brief statement that the conveyance had not been ‘in fraud of creditors,’ because the ‘vendee’ held a mortgage on the property greatly in excess of its value . . .”
The Court in the Shipp case then concluded:
“If the sale of February 16, 1967 were set aside, and Adams’ mortgage reinstated, the record obliges us to conclude that this plaintiff could realize nothing from a sheriff’s sale of the property involved. Therefore, plaintiff-appellee has not been prejudiced by this giving in payment, and it should not be annulled.”
In the instant case, as in the Shipp case, the amount of the superior mortgages exceeded the value of the property given in payment. The appraised market value of the subject property was $29,000.00. The first and second mortgages amounted to at least $29,323.83. There is no sum of money that could be derived from the subject property which could be used to pay the claims of the subordinate creditors. The appellant creditors are, therefore, not prejudiced by this giving in payment, because they could realize nothing from a forced sale of the subject property if the giving in payment were set aside. See also Jackson v. Miller, 32 La.Ann. 432 (1880).
We hold that a giving in payment to a privileged creditor of the mortgaged property having a value not exceeding the debt owed by the insolvent debtor does not prejudice the rights of subordinate creditors and is not assailable under LSA-C.C. art. 2658.
Appellants have not addressed their argument to the question of the validity of the giving in payment in the instant case. None of the cases cited by appellants touch upon the point here presented. We find that a discussion of the doctrine of the law of recordation is not necessary for a decision of the instant case.
We conclude, as did the trial judge, that the giving in payment herein was valid and the Clerk of Court and ex-officio recorder of mortgages for the Parish of Ascension, Louisiana, should be ordered to cancel the inscriptions in Mortgage Book 197 folio 687, Mortgage Book 199 folio 488 and Mortgage Book 201 folio 591, of the public records of Ascension Parish, Louisiana, insofar as they affect the subject property described hereinabove.
The judgment of the trial court is affirmed at appellants’ cost.
Affirmed.