BLANCHE, Judge.
Plaintiff, Martin Lebreton Insurance Agency, is appealing a judgment of the trial court dismissing its action to set aside a dation en paiement made by Mr. and Mrs. Lewis Ray Lamastus to Metro, Inc.
On February 11, 1977, Mr. Lamastus executed a promissory note for $30,000 secured by a collateral mortgage on property in St. Tammany Parish for insurance premiums due Martin Lebreton Insurance Agency. The mortgage was not recorded until March 24, 1977. Between the time of the execution of the note and collateral mortgage and the recording of the mortgage, Mr. and Mrs. Lamastus, on February 24, 1977, made a dation en paiement of this same St. Tammany Parish property to Metro, Inc., for a stated consideration of $257,442.52.
The plaintiff subsequently filed this revo-catory action to set aside the dation en paiement on the grounds that the transfer was in prejudice of his rights as a creditor in contravention of LSA-C.C. art. 2658,[1] and that it should be revoked in accordance with LSA-C.C. art. 1970.[2] In this regard plaintiff alleges that the property given in payment was worth more than the consideration of $257,442.52 recited in the dation.
The trial judge factually found that the debtors, Lewis Ray Lamastus and his wife, were not insolvent.
Our consideration of this appeal is limited solely to the issue of whether plaintiff successfully discharged the burden of proof required in a revocatory action.
LSA-C.C. art. 2658 prohibits the giving in payment by an insolvent debtor. It further prohibits giving in payment to one creditor to the prejudice of others. The jurisprudence has required proof of both insolvency and prejudice. Harman v. Defatta, 182 La. 463, 162 So. 44 (1935); Deposit Guaranty National Bank v. Shipp, 232 So.2d 810 (La.App. 2nd Cir. 1970).
With regard to the insolvency of the debtors, we find that the trial judge was manifestly erroneous in concluding that Lewis Ray Lamastus and his wife were not insolvent. It appears from the record that the value of their only asset was $303,500 and that their debts, either by their own admission or as found by the trial judge, substantially exceeded their assets.
As noted by Judge Dixon, now Justice Dixon, in Deposit Guaranty National Bank v. Shipp, prejudice to the creditor is as necessary an ingredient in a revocatory action as the insolvency of the debtor.
*885 With regard to the question of whether prejudice resulted to plaintiff, our review of the evidence reveals the following. In addition to the $257,442.52 which Mr. and Mrs. Lamastus owed Metro, Inc. (consisting of $199,859, with $57,442.53 of interest, costs and attorney’s fees), it was documented in a •mortgage certificate offered in evidence as Defendant Exhibit No. 10 that mortgages inferior to those of Metro, Inc., included a principal indebtedness of $52,843.31 plus $3,364.16 in attorney’s fees for a total of $56,207.47. Thus, the' preferred claims plus the debt discharged by the dation would be far in excess of the value of Lamastus’ asset of $303,500, namely for the value of the Saray Beach Marina.
It is obvious, therefore, that the plaintiff could not be prejudiced by the dation, even if the property were the object of a forced sale by executory process, because the claims of these creditors primed that of plaintiff to such an extent that their satisfaction would leave nothing available to apply against its debt.
“ * * * The rule that the property of the debtor is the common pledge of his creditors is qualified in C.C. 3183 by the clause ‘unless there exist among the creditors some lawful causes of preference.’ ” (Deposit Guaranty National Bank v. Shipp, 232 So.2d 810, 812)
For these reasons, the judgment of the trial court is affirmed, at plaintiff-appellant’s costs.
AFFIRMED.

. LSA-C.C. art. 2658 provides:
“This difference gives rise to another in the effect of these contracts, in cases of the insolvency of the debtor. He may, although insolvent, lawfully sell for the price which is paid to him; but the law forbids to give in payment to one creditor, to the prejudice of the others, any other thing than the sum of money due.”

. LSA-C.C. art. 1970 provides:
“The law gives to every creditor, when there is no cession of goods, as well as to the representatives of all the creditors where there is any such cession, or other proceedings by which they are collectively represented, an action to annul any contract made in fraud of their rights.”