378 So.2d 139 (1979)
PROGRESSIVE BANK & TRUST COMPANY, Plaintiff and Appellant,
v.
DIECO SPECIALTY, INC., Defendant and Appellee.
No. 12868.
Court of Appeal of Louisiana, First Circuit.
November 12, 1979.
Rehearing Denied December 27, 1979.
*140 Robert L. Barrios, Houma, for plaintiff and appellant.
Stanwood R. Duval, Jr., Houma, for defendants and appellee R. S. Electric & Armat. Inc.
Danny J. Lirette, Houma, for defendant and appellee Michael X. St. Martin.
Huntington B. Downer, Jr., Houma, for defendant and appellee Charlton P. Rozands, Sheriff of Terrebonne Parish.
Before COVINGTON, LOTTINGER and COLE, JJ.
LOTTINGER, Judge.
This is an appeal by the Progressive Bank & Trust Company from a judgment by the district court refusing to recognize a chattel mortgage the bank obtained on certain equipment of the defendant. The bank proceeded by executory process to enforce the mortgage, but R. S. Electric & Armature Works, Inc. and Marine Electric Service, Inc. intervened, claiming to be owners of the chattels subject to the mortgage and seeking an injunction on grounds that certain authentic evidence necessary for executory process was lacking. The intervenors also claimed that the chattel mortgage was ineffective because it had not been properly indexed in the mortgage records of the Terrebonne Parish Clerk of Court.
The trial judge agreed with the intervenors and enjoined the seizure and sale under executory process. He found that there was a lack of authentic evidence necessary for executory process in that no corporate resolution authorizing the defendant's president to mortgage the property was attached to the chattel mortgage. He also held that the improper indexing at the clerk's office rendered the mortgage ineffective as to third persons.
*141 FACTS
On April 14, 1977, the bank obtained the chattel mortgage on nine pieces of defendant's equipment to secure a $32,800.00 loan to the defendant. No corporate resolution was attached to the mortgage and on May 19, 1977, the document was recorded in the clerk's office.
Later, on February 17, 1978, the intervenors, by a dation en paiement, purchased various equipment from the defendant, including the equipment subject to the chattel mortgage. Before the dation was executed, the intervenors obtained a general chattel mortgage certificate from the clerk's office on January 11, 1978. The certificate did not reflect the bank's chattel mortgage, and nor did an independent search of the mortgage records by the intervenors. Evidence taken at the injunction hearing revealed that the bank's chattel mortgage had been improperly indexed by the clerk's office and therefore did not show up on the mortgage certificate. Relying on the mortgage certificate and the independent search, the intervenors bought the property. The bank began this executory proceeding on April 27, 1978.
Plaintiff-appellant has failed to assign any specifications of error as required by Rule IX, § 3 and Rule IX-A, Uniform RulesCourts of Appeal. The entire brief of plaintiff-appellant is devoted to the holding of the trial court that the mortgage was ineffective as to third persons because of improper indexing.
LACK OF CORPORATE RESOLUTION
It is well settled in Louisiana that the extraordinary remedy of executory process can only be used when each link in the chain of evidence is authenticated. A corporate resolution is such a link. La.C. C.P. art. 2636; Snell v. Amite Oil Co., 178 La. 176, 151 So. 70 (1933). Since no resolution was presented with the petition seeking executory process, the trial judge was correct in enjoining the seizure and sale.
IMPROPER INDEXING
We disagree with the trial court, however, on its opinion that the improperly indexed chattel mortgage is ineffective as to third parties like the intervenors in this case. A mortgage which is properly filed for recordation, and which is subsequently recorded in the mortgage records, is effective against third parties regardless of whether it is properly indexed by the clerk's office. La.R.S. 9:5354, 5363; Southern Casualty Company v. Ross, 179 La. 145, 153 So. 673 (1934); Swan v. Vogel, 31 La.Ann. 38 (1879). The mortgage places third persons on notice of its existence from the time it is recorded. La.C.C. arts. 3342, 3345, 3346, 3347 and 3348. Inscription of the mortgage by the recorder is the sole requirement to give the mortgagee his rank as to third persons. Associates Financial Services Co. v. Hillebrandt, 250 So.2d 75 (La.App. 3rd Cir. 1971).
Appellees-intervenors assert that the view taken by us on the mortgage recordation question will render the public records doctrine of this state completely ineffective. We disagree. In all but a very small number of situations the clerk's indexes will be accurately compiled in accordance with the clerk's legal duty to keep proper indexes. La.R.S. 44:161; La.R.S. 9:5355. In those few cases in which the indexes are incorrect, the clerk must make reparation to parties injured by their reliance on the inaccuracies. La.C.C. art. 3394; La.R.S. 44:162, 163.
Therefore, for the above and foregoing reasons, the judgment of the trial court insofar as it declared the chattel mortgage null and void as to third persons is reversed, but in all other respects the judgment enjoining the seizure and sale is affirmed at plaintiff-appellant's costs.
REVERSED IN PART AND AFFIRMED.